UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELIEZER CARRAZCO,

    Petitioner,

v.                                                   CASE NO. 6:11-cv-1364-31GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

_____

## ORDER

Eliezer Carrazco ("Petitioner") initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1, filed August 11, 2011). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. 8, filed November 7, 2011). At this Court's request, a supplemental response was filed on January 4, 2012 (Doc. 17). Petitioner filed replies to both responses (Doc. 15,18).

Petitioner alleges twelve claims for relief in his petition:

1.    Petitioner was denied his right to trial by jury because the jury was prohibited from considering all the evidence;

2.    The fundamental fair cross section requirement of the Sixth Amendment was violated when Latino jurors were forced to surrender their ethnicity;

3.    Petitioner's equal protection rights were violated because Latino jurors were forbidden from considering evidence in their own language;

4.    There was insufficient evidence of a conspiracy;

5. There was insufficient evidence of trafficking;

6. The jury instructions allowed the jury to convict Petitioner based upon actions that occurred before he joined the conspiracy;

7. Counsel was ineffective for failing to call Petitioner's co-defendants as witnesses at trial;

8. Counsel was ineffective for not objecting to a jury instruction that allowed the jury to find Petitioner guilty if some person besides Petitioner or his co-defendant conspired to traffic in cocaine;

9. Counsel was ineffective for failing to object to evidence that five kilograms of cocaine were seized during a search without evidence that Petitioner was connected with the cocaine;

10. Counsel was ineffective for failing to request jury instructions dealing with multiple conspiracy theories.

(Doc. 1). For reasons explained in this order, this Court concludes that Petitioner's federal habeas corpus petition was not timely filed and that Petitioner has not demonstrated entitlement to equitable tolling. Accordingly, the petition must be dismissed with prejudice. *See* 28 U.S.C. § 2244(d)(1)(providing a one-year period of limitation for an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment).

**I.      Procedural History**

On April 29, 2005, Petitioner and twelve co-defendants were charged with conspiracy to traffic in 400 or more grams of cocaine (count one), trafficking in 200 grams or more of cocaine (count two), and trafficking in 400 or more grams of cocaine (count four)

(App. A at 15-18).[1]  After a jury trial, Petitioner was found guilty as charged on each count (App. A at 100--102).  On October 27, 2006, Petitioner was sentenced to fifteen years in prison on each count to be served concurrently (App. A at 110-112).

Petitioner appealed his convictions to Florida's Fifth District Court of Appeal (App. H).  The convictions were *per curiam* affirmed on February 19, 2008, and mandate was issued on April 3, 2008 (App. J, M).  Petitioner sought certiorari review with the United States Supreme Court which was denied on October 6, 2008 (App. N, O).

Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief ("Rule 3.850 motion") on April 23, 2009 (App. P).  The motion was denied by the trial court on April 15, 2010 (App. R).  Petitioner appealed to Florida's Fifth District Court of Appeal which *per curiam* affirmed on November 2, 2010 (App. U, W); *Carrazco v. State*, 50 So. 3d 615 (Fla. 5th DCA 2010).  Mandate issued on December 29, 2010 (App. Z).

Petitioner filed the instant federal habeas petition on August 11, 2011 (Doc. 1).[2]  The first six issues are the same as those raised on direct appeal, and the last four issues are the same as those raised in Petitioner's Rule 3.850 motion (App. H, P).

---

[1] Unless otherwise noted, citations to the record refer to the appendices filed with Respondents' response to the petition on November 8, 2011 (Doc. 8, 9, 10).

[2] This is the filing date under the "mailbox rule."  *See Thompson v. State*, 761 So.2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").  All references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

## II. Petitioner's Habeas Corpus Petition is Untimely

The Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA's") statute of limitation for a § 2254 habeas petition is governed by 28 U.S.C. § 2244:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, Petitioner sought review from the United States Supreme Court which was denied on October 6, 2008 (App. O). Thus, under § 2244(d)(1)(A), the judgment

4

of conviction became final on October 6, 2008, and Petitioner had a total of one year (365 days) or until October 6, 2009, absent any tolling, to file a federal habeas corpus petition.

Petitioner's one-year period was tolled on April 23, 2009 when he filed his Rule 3.850 motion (App. O). At the time, 199 days had lapsed. Petitioner's time began running again after his Rule 3.850 motion became final on December 29, 2010 (App. Z). Therefore, Petitioner had 166 days, or until June 13, 2011, to file the instant habeas petition. However, the instant petition was not filed until August 11, 2011. Accordingly, the petition was filed 59 days after the statute of limitation expired. Therefore, it is time barred under the AEDPA and is subject to dismissal under § 2244(d)(1) unless Petitioner is able to demonstrate entitlement to equitable tolling.

### III. Petitioner is Not Entitled to Equitable Tolling

Petitioner claims that he is entitled to equitable tolling because the inmate law clerk assigned to help him prepare his legal documents was transferred for medical reasons, leaving him without access to his legal documents for a total of 92 days. Specifically, Petitioner asserts:

> The Law Clerk was in the initial process in preparing the Petition for Writ of Habeas Corpus, when a sudden emergency medical transfer was made. Department of Corrections officers placed Eliezer Carrazco's pending active legal documents in the property of the Law Clerks and stored it in the Property Room. This was in written documentation of March 6, 2011[.] [A]n attempt was made to retrieve property in the "Property Room" of Florida State Prison. After being led around the Warden of the Institution was [contacted] on 5-11-11, and on June 7, 2011, Petitioner's property was finally returned. Petitioner can show that for a mere 92 days he was deprived of his legal documents where the Florida Department of Corrections had

5

> possession. This in itself is an extraordinary circumstance and was beyond Petitioner's control as he is a ward of the State.

(Doc. 15 at 2-3). Petitioner argues that the state kept his legal material for 92 days whereas he was only 59 days late in filing his petition, and therefore, equitable tolling should apply (Doc. 15 at 4). Respondents argue that Petitioner has not established due diligence on his part and is therefore not entitled to equitable tolling (Doc. 17 at 2). Respondents also question Petitioner's version of the events that transpired. *Id.* In his supplemental reply, Petitioner has offered to seek additional evidence to support his version of events (Doc. 18 at 3). However, it is unnecessary for this Court to consider the veracity of Petitioner's factual assertions because, even taking his version of the events as true, he is not entitled to equitable tolling.

The Supreme Court recognizes that the AEDPA's statutory limitations period set forth in § 2244 is not a jurisdictional bar, and equitable tolling may be appropriate in certain cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must demonstrate that: (1) he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. *Id.* at 2562 (internal quotations and citations omitted). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not maximum feasible diligence." *Id.* at 2565. To demonstrate the "extraordinary circumstance" prong, a petitioner "must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). Thus, it is only when "extraordinary circumstances" have

prevented an otherwise diligent petitioner from timely filing his petition that equitable tolling should be applied. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

According to Petitioner, an inmate law clerk, now deceased, had possession of Petitioner's legal materials when he (the clerk) was transferred to Regional Medical Center ("RMC") due to a serious illness on, or around, February 25, 2011. Some of the inmate law clerk's property was sent to RMC with him, and some was left at the prison. On March 6, 2011, Petitioner made a written request to retrieve his legal papers. A staff member allowed Petitioner to search the inmate law clerk's property, but no legal papers were found. Petitioner was told that he would be notified once the papers were located. Petitioner made another written request in May of 2011, and his papers were returned to him on June 7, 2011 (Doc. 18 at 1-3). Even though Petitioner's papers were returned to him prior to his filing deadline of June 13, 2011, he did not file the instant petition until August 11, 2011.

The alleged trial errors and shortcomings of defense counsel, upon which Petitioner bases his claims in the instant federal habeas petition, were known to Petitioner at the conclusion of his trial. As such, although the temporary loss of his legal papers was regrettable and undoubtedly inconvenient, it cannot be said that the deprivation prevented Petitioner from filing a timely petition. *See McCleskey v. Zant*, 499 U.S. 467, 500 (1991) (where a petitioner has at least constructive knowledge of the factual basis for his claims there is no impediment to the filing of a federal habeas petition). Petitioner had nearly six months after the appellate court's mandate to file a timely federal petition. He knew the

7

issues that had been raised on appeal and in his Rule 3.850 motion. Therefore, even without his legal documents, Petitioner had sufficient information to timely file at least a "bare bones" federal petition. Moreover, Petitioner does not explain why he did not file his federal habeas petition immediately after retrieving his papers, before the time for doing so had expired. Indeed, the claims in the habeas petition are identical to those raised on direct appeal and in the Rule 3.850 motion so that they needed only be transcribed word for word. Neither does Petitioner allege that he made any attempt to file a federal petition prior to August 11, 2011 nor does he explain why he waited two months after his papers' return to file. Therefore, Petitioner has failed to satisfy the due diligence requirement of the equitable tolling standard. *See, e.g., Paulcin v. McDonough*, 259 Fed. Appx. 211, 213 (11th Cir. 2007) (transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances, additionally, petitioner failed to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding; therefore, equitable tolling of limitations period was not warranted); *Bell v. Sec'y, Dept. of Corrections*, 248 Fed. Appx. 101, 104-05 (11th Cir. 2007) (prisoner did not show diligence because there was no evidence that prisoner attempted to access the prison library or determine the applicable limitations period until after it expired).

Petitioner's assertion that his untimeliness should be excused because of his inability to read or write English is also unavailing (Doc. 15 at 1). The Eleventh Circuit Court of Appeals has rejected the claim that a prisoner is entitled to equitable tolling on the basis of his language difficulties. *See United States v. Montano*, 398 F.3d 1276, 1280 n. 5 (11th Cir.

8

2005) (claim that language difficulties prohibited petitioner from timely discovering a legal argument did not constitute "extraordinary circumstances" as to justify equitable tolling of the one-year filing requirement in § 2255); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (holding that the inability to read and speak English is not in itself a sufficient basis for equitably tolling a failure to meet § 2244(d)(1) requirements).

Consequently, the reasons articulated by Petitioner for his untimeliness are insufficient to establish the extraordinary circumstances required to warrant equitable tolling of the limitation period. Accordingly, the Court "cannot say that [Petitioner] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.' " *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1291 n. 5 (11th Cir. 2002). Because Petitioner is not entitled to equitable tolling of the limitation period as he has shown neither extraordinary circumstances nor the diligence necessary to equitably toll the statute, the Court will dismiss the Petition with prejudice as untimely.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation that are not specifically addressed herein have been found to be without merit.

**IV.**    **Certificate of Appealability**

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal, but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). A certificate of appealability may issue "only if the applicant has made a substantial showing

9

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell*, 537 U.S. 322 (2003). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. This case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 9th day of February, 2012.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-4  2/9
Eliezer Carrazco
Counsel of Record